## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| W. KEITH EVANS,<br>**On behalf of himself and others**<br>**similarly situated,**<br><br>     **Plaintiff,**<br><br>**vs.**<br><br>**AFFORDABLE HOTELS, LLC, A2C**<br>**BUDGET HOTEL, LLC,**<br>**STABLEGOLD HOSPITALITY,**<br>**LLC, AND ALI JAMAAL.**<br><br>     **Defendants.** | **CIVIL ACTION FILE NO.:**<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff W. Keith Evans ("Mr. Evans" or "Plaintiff Evans") on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), in their Complaint against Affordable Hotels, LLC ("Affordable Hotels"), A2C Budget Hotel, LLC ("A2C"), Stablegold Hospitality, LLC ("Stablegold"), and Ali Jamaal ("Defendant Jamaal"), showing the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216. Plaintiffs are all residents of the State of Georgia

and are all current or former employees of Affordable Hotels, A2C and Stablegold, which were the FLSA employers of Plaintiffs for the relevant period of time. Plaintiffs were and are assistant managers, desk clerks and security guards who were paid a flat salaried amount and not paid any overtime pay even though Defendants acknowledged that they were "non-exempt" employees. Plaintiffs bring this action to recover from Defendants unpaid regular time compensation, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), as described below.

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendants' failure to pay overtime. The named Plaintiff hereby consents to being a part of this collective action.

3.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union employees who have been or are employed in positions similar to those of the individually named Plaintiff and were subject to the same or similar unlawful practices as the individually named Plaintiff. The number and identity of other the Plaintiffs yet to

opt-in may be determined from the records of Defendants and potential Plaintiffs may easily and quickly be notified of the pendency of this action. Plaintiffs' who work or have worked for the Defendants have engaged in interstate commerce for the relevant time period because Plaintiffs' employment utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

4.

Stablegold owns and operates at least six (6) different hotels (including Affordable Hotels and A2C) in the Atlanta area under the Stablegold brand.   At Stablegold's website, the six hotels (including Affordable Hotels and A2C) are listed as "Stablegold hotels" and on the same website describes Stablegold as a "real estate investment company that is comprised of a portfolio of 9 independently operated Hotels…"  In reality, though, the properties are not "independently operated," but are operated, owned and run in all relevant aspects by Stablegold. At all times relevant hereto, Stablegold was and is a Georgia corporation doing business in this judicial district.  Stablegold may be served with process of this lawsuit through its registered agent, Ali M Jamaal, 9995 Old Dogwood Rd., Roswell, Ga. 30076.

5.

Affordable Hotels is a subsidiary of Stablegold and/or is controlled by Stablegold. Affordable Hotels consists of the hotel at 1900 Glenfair Rd., Decatur, Georgia. Affordable Hotels is not registered or licensed to do business in the State of Georgia. Affordable Hotels may be served with process of this lawsuit where it operates as allowed by Federal Rule of Civil Procedure 4.

6.

A2C is a subsidiary of Stablegold and/or is controlled by Stablegold. A2C consists of the hotel at 4265 Shirley Drive, Atlanta, Georgia. A2C may be served with process of this lawsuit through its registered agent, Mr. Ali Jamaal at 9995 Old Dogwood Road, Fulton, Roswell, Georgia.

7.

Defendant Jamaal is an owner and the Chief Executive Officer ("CEO") of Stablegold and controls the financial affairs of Stablegold's hotels (including A2C and Affordable Hotels) and causes those hotels/corporations to compensate (or not to compensate) their employees in accordance with the FLSA. Defendant Jamaal has control over the corporations' pay policies and day-to-day pay and financial operations. Defendant Jamaal may be served with process of this lawsuit at 9995 Old Dogwood Rd., Roswell, Ga. 30076.

8.

Defendants Stablegold, A2C and Affordable Hotels are a highly integrated enterprise. These entities are highly integrated with respect to ownership and operations and/or are a joint enterprise.  More specifically, these corporate entities have integrated or shared employees, finances, payroll, corporate offices, control of employees and employment decisions and benefits.  Employees move between the various companies without regard for the corporate structures and the management for the Defendants is integrated and makes the employment decisions for, terminates and makes hiring/firing decisions for and otherwise controls relevant aspects of the employment of all of the employees of all of the Defendant corporations.

9.

Defendants' business activities involve those to which the Fair Labor Standards Act applies and Defendants are employers under the FLSA, 29 U.S.C. 203. At all times material hereto, Plaintiffs were "employees" of Defendants as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) and Defendants were "engaged in commerce" as defined by the FLSA 7(a)(1), 29 U.S.C. 207(a)(1).

10.

This Court has original jurisdiction upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

11.

Plaintiff Evans worked for the Defendants at their various Atlanta area hotels (including A2C and Affordable Hotels) beginning in 2014.  During this time and until summer of 2015, he performed the duties of a security guard, including patrolling and cleaning the grounds, but had no authority to hire/fire others and not did he perform tasks of significance to the Defendants' business.   As such, these duties security guard duties were not exempt from the overtime requirements of the FLSA.   During this time, Mr. Evans regularly worked 41-48 hours a week but was not paid the overtime premium for hours worked between 40-44.  When Mr. Evans inquired as to why he was not receiving overtime pay for these hours, he was told it was because of irregularities in the calendar and the two week pay cycle.

12.

In the spring/summer of 2015, Mr. Evans was promoted to front desk clerk. His duties included ministerial tasks over which he had no discretion.  As such, these front desk clerk duties were not exempt from the overtime requirements of

the FLSA.   During this time, Mr. Evans regularly worked 41-45 hours a week but was not paid the overtime premium for hours worked between 40-44.  Mr. Evans was told that it was Defendants' policy not to pay overtime until an employee's hours worked exceeded 88 hours in a two week pay cycle.

13.

In August 2015, Mr. Evans was promoted to Assistant General Manager. From August 2015 until at least February 23, 2016, Mr. Evans was paid on a salary basis, but paid less than $455 a week in this position.   As such, this position was not exempt from the overtime requirements of the FLSA.  During this time, Plaintiff Evans worked an average of 60-70 hours a week and won the "Employee of the Month" award in November 2015.  However, Mr. Evans was never paid the overtime premium for hours worked over 40.

14.

While working heavy overtime hours as an assistant manager, Mr. Evans questioned the Defendants' management about why he was not being paid any overtime for hours worked over 40. When he did not receive any answer, he contacted the Department of Labor and was told by the Department of Labor that he should inquire of his employer as to whether he was an exempt or non-exempt employee.

15.

Mr. Evans repeatedly asked this question of Defendants' management without getting an answer.  Then, on or about December 15, 2015, he had a telephone call with Defendants' regional manager Allen Gingrich wherein he asked if he was "exempt" or "non-exempt."  Mr. Gingrich told him he was "non-exempt."  When Mr. Evans ask then why was he not being paid overtime, Mr. Evans was told that the defendants management would "look into it."  However, the company never gave any explanation or overtime compensation to Mr. Evans.

16.

During Plaintiff's employment, the Defendants failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a)(7).

17.

Defendants are well aware of their obligations under the FLSA. Accordingly, Defendants have willfully violated the FLSA, 29 U.S.C. 201 et. seq.

## COUNT I – FLSA COLLECTIVE ACTION

18.

Plaintiff re-alleges the paragraphs above and incorporates them by reference to this count.

19.

Defendants' policies of failing to pay overtime as stated above have caused Plaintiffs to be deprived of wages due them.

20.

Defendants' policies as stated above, constitute a violation of the 29 U.S.C. § 206, 207(a)(1) requiring overtime to be paid for all hours worked in excess of forty per week.

21.

Under 29 U.S.C. 216(b), Defendants are liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a.      A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.      An award of past due wages and all converted wages;

c.      That additional applicable former or current employees of Defendants be permitted to join this suit by appropriate opt-in;

d.      That this Court Award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

e.      That Plaintiffs be awarded prejudgment interest, their costs and disbursements herein;

f.      That Plaintiffs be awarded liquidated damages, attorneys' fees and expenses of litigation;

g.      The Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

g.      Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 13th day of April, 2016.


By:     /s/ Douglas R. Kertscher
        Douglas R. Kertscher
        Georgia State Bar No. 416265
        Email: drk@hkw-law.com
        *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770) 953-0995
Facsimile:   (770) 953-1358

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiffs hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

Respectfully submitted this 13th day of February, 2016.


Respectfully submitted,


By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Email:      drk@hkw-law.com
      *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:   (770) 953-0995
Facsimile:   (770) 953-1358

11